UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Cr. No.: 8:11-cr-2123-GRA |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Larry C. Fowler, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Suppress the evidence found from a search of the vehicle he was driving. Defendant claims the search violated his Fourth Amendment rights, and also moves to suppress his statements as fruit of an unlawful search. For the following reasons, Defendant's Motion to Suppress is DENIED.

Facts

On March 11, 2011, Trooper Harvey Griffin ("Trooper Griffin") with the South Carolina Department of Public Safety pulled over a vehicle for speeding.[1] The vehicle was driven by Defendant, the sole occupant. When Trooper Griffin asked Defendant for his driver's license, registration and proof of insurance, Defendant handed Trooper Griffin the rental agreement for the vehicle and informed him that

---

[1] A camera in Trooper Griffin's patrol car recorded the traffic stop. *See* ECF No. 62, Exhibit B.

he did not have his license with him. The rental agreement listed Princess Suber, a female, as the renter and only authorized driver of the vehicle. *See* Exhibit A, ECF No. 62.

Trooper Griffin subsequently asked Defendant for his name, date of birth, address, and the last four digits of his Social Security number to run a license check. Defendant told Trooper Griffin that his name was "Terry Q. Coleman," and initially told Trooper Griffin that his birthday was June 5, then corrected himself and said his birthday was July 5, 1983. Defendant also informed Trooper Griffin that he did not know his Social Security number, but after making a phone call, stated that the last four digits of his Social Security number was "0182."

Trooper Griffin returned to his patrol car to verify Defendant's identity; however, the information did not check out. When Trooper Griffin confronted Defendant, Defendant provided Trooper Griffin with a different name, Social Security number, and date of birth. Trooper Griffin ordered Defendant out of his car, frisked and handcuffed him, and placed him in the patrol car until he could determine Defendant's identity. Trooper Griffin searched Defendant's car, where he found over $4,000 in cash. Trooper Griffin informed Defendant that he was under arrest for speeding, not wearing a seatbelt, and giving false information to a police officer. Ultimately, the search yielded cash, a cup with white powder residue, scales, and a .357 caliber handgun. Trooper Griffin read Defendant his Miranda rights and, upon being questioned, Defendant admitted that he owned the

gun. On September 14, 2011, Defendant was indicted for being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

Analysis

Defendant makes two main arguments regarding the unlawful search: (1) the search of the vehicle was illegal because it arose from an unlawful arrest and (2) the search of the vehicle violated Defendant's Fourth Amendment rights. This Court holds that the initial stop and the arrest of Defendant were legal, and that Defendant lacks standing under the Fourth Amendment to challenge the legality of the search because he had no legitimate expectation of privacy in a rental car where he was an unauthorized driver.

I. **Defendant's Initial Stop was Lawful**

The decision to stop an automobile during a traffic stop must be reasonable because it constitutes a seizure under the Fourth Amendment. *See Whren v. United States*, 517 U.S. 806, 810 (1996). This requirement is met where "the police have probable cause to believe that a traffic violation has occurred." *Id; see also United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993) ("'When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle.'" (quoting *United States v. Cummins*, 920 F.2d 498, 500–01 (8th Cir. 1990))).

"To determine the limits of police conduct, *Terry* employs a dual inquiry: 'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" *United States v. Meikle*, 407 F.3d 670, 672 (4th Cir. 2005) (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). The Fourth Circuit has held that an officer may request a driver's license and vehicle registration, run a computer check, and issue a citation as part of a routine traffic stop; but, "[a]ny further detention for questioning is beyond the scope of the *Terry* stop and therefore illegal unless the officer has reasonable suspicion of a serious crime." *United States v. Rusher*, 966 F.2d 868, 876–77 (4th Cir. 1992). "The officer must be able to articulate more than an 'inchoate and unparticularized suspicion or hunch of criminal activity.'" *United States v. Brugal*, 209 F.3d 353, 359 (4th Cir. 2000) (quoting *Wardlow v. Illinois*, 528 U.S. 119, 120 (2000)).

Here, Trooper Griffin lawfully stopped Defendant for speeding and not wearing a seatbelt. Trooper Griffin's further detention to request Defendant's information to check the status of Defendant's license was also lawful. Furthermore, once Trooper Griffin determined that Defendant was lying about his identity, Trooper Griffin was justified in prolonging the stop because he had a "reasonable suspicion" that a more serious crime had been or was being committed.

**II.     Defendant's Arrest was Lawful**

Trooper Griffin's arrest of Defendant without a warrant was also lawful. "In general, a warrantless arrest is proper for purposes of the Fourth Amendment where the facts and circumstances within the arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested." *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354–55 (2001).

Trooper Griffin initially stopped Defendant for speeding and failure to wear a seatbelt.[2] Neither of these offenses permit a custodial arrest. *See* S.C. Code §§ 56-5-1520(G)(3); 56-5-6540(D) (2006 & Supp. 2011). However, once Defendant provided Trooper Griffin with false information regarding his identity, Trooper Griffin had probable cause to arrest Defendant. *See United States v. Santana*, 286 F. App'x 89, 90–91 (4th Cir. 2008) (holding that probable cause for a warrantless arrest existed where an individual provided false information to an officer by stating that he was staying with a friend, but the officer knew from personal observation that he was staying at a motel nearby). Therefore, Defendant's warrantless arrest was lawful.

**III.  Defendant Lacks Standing to Challenge the Vehicle Search**

---

[2] Trooper Griffin clocked Defendant going 74 in a 55 mile-per-hour zone on his radar.

The central issue in this case is whether the warrantless search of Defendant's vehicle violated Defendant's Fourth Amendment rights under the United States Constitution. This Court holds that Defendant does not have standing to challenge the search because he was an unauthorized driver of a rental car and thus, lacked a legitimate expectation of privacy in the vehicle. Therefore, Defendant lacks standing to assert a Fourth Amendment violation.

"[T]he exclusionary rule's benefits run only to those whose Fourth Amendment rights have been violated." *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994) (quoting *United States v. Givens*, 733 F.2d 339, 341 (4th Cir. 1984)). Under the Fourth Amendment, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted). "Only where a search intrudes upon a space as to which an individual has 'a legitimate expectation of privacy' will the search violate that individual's Fourth Amendment rights." *Wellons*, 32 F.3d at 117 (quoting *Ralkas v. Illinois*, 439 U.S. 128, 143 (1978)). In *Wellons*, the Fourth Circuit concluded that an unauthorized driver of a rental car had no legitimate privacy interest in the vehicle or the containers inside; therefore, the warrantless search of the car could not "have violated his Fourth Amendment rights." *Id.* at 119-20.

Here, the vehicle's rental agreement unequivocally designates another individual, Princess Suber, as the renter and only authorized driver. Although Defendant may well have had Princess Suber's permission to drive the automobile, he did not have the permission of U-Save Auto Rental, the owner of the automobile. Consequently, Defendant was an unauthorized driver of the vehicle, and Defendant had no legitimate expectation of privacy in the vehicle or the containers within. Therefore, Defendant does not have standing and the warrantless search of the car cannot violate his Fourth Amendment rights.

**IV.     Defendant's Statements**

Defendant also moves to suppress his statements contending the fruit of the poisonous tree doctrine excludes all statements made after the alleged unlawful vehicle search. *See Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963). However, this Court has already determined that the vehicle search was lawful and is not persuaded by Defendant's argument.

**Conclusion**

Therefore, Defendant's Motion to Suppress is DENIED because Defendant lacks standing to challenge the search under the Fourth Amendment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 3, 2012
Anderson, South Carolina